UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-21493-Civ-COOKE/BANDSTRA

HUMANA MEDICAL PLAN, INC.

 Plaintiff
vs.

MARY REALE, *et al.*,

 Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CASE is before me on the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. I have reviewed the record, the arguments, and the relevant legal authorities. For the reasons explained below, the Motion to Dismiss is granted.

### I. BACKGROUND

Plaintiff, Humana Medical Plan, Inc. ("Humana") is a Medicare Advantage organization that administers Medicare benefits to Medicare beneficiaries who are enrolled in the Medicare Advantage program. (*Amend. Compl.*, ECF No. 8 ¶ 2). In or about April 2009, Humana paid Defendant Mary Reale ("Reale"), a Medicare Advantage program participant, certain Medicare benefits in the amount of $19,155.41 to cover Reale's medical expenses incurred as a result of a slip and fall. (*Id.* at ¶¶ 11-12). Shortly after her fall, Reale filed suit against the Hamptons West Condominium Association and/or its insurer (the "Association") to recover for her injuries. (*Id.* at ¶ 13). The action between Reale and the Association eventually settled for an amount greater than $19,155.41. (*Id.* at ¶¶ 14-15)

On May 17, 2010, Humana Medical Plan, Inc. ("Humana") filed an Amended Complaint against Reale and Donna B. Michelson, P.A., alleging that the Medicare Secondary Payer Act,

42 U.S.C. § 1395y(b)(2) ("MSP"), entitled it to receive reimbursement of the $19,155.41 paid to Reale. (*Id.*). Defendants argue that the case should be dismissed because 42 U.S.C. § 1395y(b)(2) does not grant Humana a private cause of action and, as a result, the Court lacks subject matter jurisdiction. (ECF No. 14).

## II.    LEGAL STANDARD

A federal court will dismiss a case if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). A motion to dismiss under Rule 12(b)(1) may assert either a factual or facial attack to jurisdiction. *Sinaltrainal v. Coca-Coal Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citations omitted). In a facial attack, the court examines whether the complaint has sufficiently alleged subject matter jurisdiction. *Id.* As it does when considering a 12(b)(6) motion to dismiss for failure to state a claim, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Id.*; *see also Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.    ANALYSIS

A federal court has jurisdiction over the subject matter of a case when there is diversity of citizenship or when the claims involve a federal question. *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1359 (S.D. Fla. 2009). To invoke diversity of citizenship jurisdiction under 28 U.S.C. § 1332, the parties must be citizens of different states, and the amount in controversy must exceed $75,000. *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) To invoke federal question jurisdiction under 28 U.S.C. § 1331, the complaint must contain a colorable

claim that arises under the federal constitution or federal laws. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). In this case, the amount in controversy is only $19,155.41, and Humana is thus unable to meet the jurisdictional requirements of 28 U.S.C. § 1332. Therefore, unless Humana's action arises under federal law, this Court is left with no choice but to grant Defendants' Motion to Dismiss. *Sipos*, 259 F.3d at 1332.

Humana contends that this Court has subject matter jurisdiction because Humana's alleged right to reimbursement under 42 U.S.C. § 1395y(b)(2) "present[s] an important and 'substantial' issue of federal law." (ECF No. 19 at 2). Section 1395y(b)(2) requires reimbursement to the "appropriate Trust Fund for any payment made by the Secretary . . . with respect to an item or service if it is demonstrated that such primary plan . . . had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2). Humana argues that 42 U.S.C. § 1395y(b)(2), coupled with 42 C.F.R. § 422.108(f), entitle it to reimbursement. I disagree. A close reading of the federal regulation suggests otherwise.

A Medicare Advantage organization, such as Humana, "will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations …" However, under 42 U.S.C. 1395y(b)(2)(B)(i), the Secretary's authority is limited to making payments "conditioned on reimbursement to the appropriate Trust Fund." *Id.* The United States is vested with full authority to bring an action for reimbursement, not the Secretary. 42 U.S.C. § 1395y(b)(2)(B)(iii)[1]. Therefore, because the Secretary does not have the

---

[1] In order to recover payment made under this subchapter for an item or service, the United States may bring an action against any or all entities that are or were required or responsible (directly, as an insurer or self-insurer, as a third-party administrator, as an employer that sponsors or contributes to a group health plan, or large group health plan, or otherwise) to make payment with respect to the same item or service (or any portion thereof) under a primary plan. The United States may, in accordance with paragraph (3)(A) collect double damages against any such entity. In addition, the United States may recover under this clause from any entity that has

authority to bring an action for reimbursement, Humana cannot claim such a right under 42 C.F.R. §422.108(f). Accordingly, Humana has failed to bring a claim arising under federal law.[2]

### IV.   CONCLUSION

For the reasons set forth above, this Court lacks subject matter jurisdiction over this action. Accordingly, I hereby **ORDER and ADJUDGE** that Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 14) is **GRANTED**.

**DONE and ORDERED** in chambers at Miami, Florida this 31st day of January 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*

---

received payment from a primary plan or from the proceeds of a primary plan's payment to any entity. 42 U.S.C. § 1395y(b)(2)(B)(iii)

[2] Defendants also argue that this action must be dismissed because no right of action exists under 42 U.S.C. § 1395mm(e)(4). (ECF No. 14 at p. 3). Humana clearly states that it is relying on 42 U.S.C. § 1395y(b)(2), not 42 U.S.C. § 1395mm(e)(4). Even if this action had been brought under § 1395mm(e)(4), however, a dismissal would still be warranted because § 1395mm(e)(4) does not confer a private right of action. *See Care Choices HMO v. Engstrom*, 330 F.3d 786, 789 (6th Cir. 2003) (noting that under § 1395mm(e)(4) "there is no evidence that Congress intended to created an affirmative right to reimbursement that is enforceable in federal court").